UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM F. KELLY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-4350** |
| **PROGRESSIVE CASUALTY INSURANCE COMPANY** | **SECTION I** |

## ORDER AND REASONS

The Court has pending before it cross-motions for partial summary judgment filed by plaintiff, William F. Kelly ("Kelly"),[1] and defendant, Progressive Casualty Insurance Company ("Progressive").[2] For the following reasons, it is ordered that Progressive's motion is granted and that Kelly's motion is denied.

## BACKGROUND

This case arises out of the termination of Kelly's employment as a Progressive staff attorney.[3] According to count one of Kelly's state-court petition, which Progressive removed to this Court, his employment was terminated on the basis of his age in violation of Louisiana law.[4] In addition, Kelly alleges in count two of his petition that he is entitled to penalties and attorney's fees as a result of Progressive's late payment of amounts owed to him as reimbursement for travel expenses pursuant to Louisiana Revised Statute § 23:632. The cross-motions for partial summary judgment relate only to count two.

---

[1] R. Doc. No. 9.
[2] R. Doc. No. 8.
[3] *See* R. Doc. No. 1-2.
[4] R. Doc. No. 1-2, at 3-5. The petition does not allege any violations of federal law and consequently the notice of removal is based solely on diversity jurisdiction. R. Doc. No. 1, at 3.

1

There is no genuine dispute regarding the facts material to resolving the cross-motions for partial summary judgment. Kelly was discharged on August 12, 2014.[5] At the time of his discharge, Kelly had work-related travel expenses which were unreimbursed because he had not submitted them for reimbursement.[6] The record contains an email from Kelly to Progressive dated two days after his discharge asking, "What about my unpaid business expenses?"[7] A Progressive representative responded on August 18, 2015 that "I can submit your remaining expenses for you. Please send me an accounting of what you are owed."[8] Plaintiff responded on the same day that "We can dot the 'i's' and cross the 't's' later."[9] The only summary judgment evidence in the record establishes that Kelly did not submit an accounting of his reimbursable expenses to Progressive and demand payment until November 7, 2014.[10]

On or about May 20, 2015, after a series of additional correspondence and demands, Progressive reimbursed Kelly for those expenses in the amount of $127.60. On the basis of that delayed reimbursement of $127.60, Kelly demands attorney's fees and statutory penalties in the amount of $52,233.92.[11]

## LAW & ANALYSIS

**A.   Standard for Motions for Summary Judgment**

Summary judgment is proper when, after reviewing the pleadings, the discovery and

---

[5]R. Doc. No. 18, at 2; R. Doc. No. 13-1, at 1.
[6]R. Doc. No. 18, at 3; R. Doc. No. 13-1, at 2.
[7]R. Doc. No. 8-6, at 3.
[8]R. Doc. No. 8-6, at 2.
[9]R. Doc. No. 8-6, at 1.
[10]R. Doc. No. 18, at 3; R. Doc. No. 8-8, at 3 ("Lastly, as I promised, I have the following travel expenses from my last couple of weeks at Progressive."); R. Doc. 9-2, at 3 (same exhibit).
[11]R. Doc. No. 9-1, at 13.

disclosure materials on file, and any affidavits, the court determines there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the nonmoving party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

**B.     Louisiana Wage Payment Act**

Pursuant to the Louisiana Wage Payment Act, upon discharge of an employee, the employer

must "pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first." La. Rev. Stat. § 23:631(A)(1)(a). An employer who "fails or refuses to comply" with this provision is subject to a penalty in the amount of the lesser of "ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer" pays. La. Rev. Stat. § 23:632(A). Section 632 also authorizes an award of reasonable attorney's fees if an employee files "a well-founded suit for any unpaid wages . . . after three days shall have elapsed from time of making the first demand following discharge." *Id.* at § 23:632(C).

Sections 631 and 632 "are penal in nature and must therefore be strictly construed and yield to equitable defenses." *Wyatt v. Avoyelles Parish Sch. Bd.*, 831 So. 2d 906, 912 (La. 2002). Accordingly, penalties "should not be extended beyond the plain wording of the statute." *Smith v. Coffman*, 87 So. 3d 137, 152 (La. App. 2 Cir. 2012). The Louisiana Supreme Court has "further elaborated that 'a good-faith non-arbitrary defense to liability for unpaid wages, i.e., a reasonable basis for resisting liability' permits the court to excuse the employer from the imposition of additional penalty wages." *Beard v. Summit Institute of Pulmonary Med. & Rehab, Inc.*, 707 So. 2d 1233, 1236 (La. 1998) (quoting *Carrier v. Pee Wee's Equipment Co.*, 364 So. 2d 555, 557 (La. 1978)).

**C.      Analysis**

Both Kelly and Progressive move for partial summary judgment as to Kelly's claim for penalties and attorney's fees pursuant to § 23:632. Much of the briefing focuses on whether

reimbursement for travel expenses is within the scope of the Louisiana Wage Payment Statute.[12] The Court pretermits deciding that question of law because the Court is persuaded by Progressive's argument that, on the particular facts of this case, strict compliance with § 23:631 by Progressive was impossible and penalties should not be imposed pursuant to § 23:632.

As explained above, § 23:631(A)(1)(a) required Progressive to pay Kelly "the amount then due under the terms of employment . . . on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first."[13] Six days after his discharge, Progressive responded to Kelly's inquiry about his expenses and invited Kelly to submit information establishing the amounts of the expenses he wanted reimbursed. However, Kelly did not submit that information and demand reimbursement until November 7, 2014, almost three months after his August 12, 2014 discharge. Accordingly, Progressive did not know the amount to reimburse Kelly for his travel expenses within the window for payment dictated by § 23:631(A)(1)(a), as Kelly had not given Progressive the information it needed to make such payment, despite Progressive's invitation to do so.

Penalties pursuant to § 23:632(A) are not available unless the employer "fails or refuses to comply" with § 23:631. The Court must construe these statutes strictly and consider equitable defenses to a claim for penalties. *See Wyatt*, 831 So. 2d at 912. The record establishes that, through no fault of its own, Progressive lacked the information it needed to be able to comply with § 23:631 within the time frame established by that statute. Consequently, the Court finds as a matter of law

---

[12]R. Doc. No. 8-1, at 8-13; R. Doc. No. 9, at 5-10.
[13]The parties have not submitted evidence establishing Kelly's "next regular payday" or articulated any arguments which make the date of his "next regular payday" a fact material to resolution of these motions. Accordingly, for convenience the Court will refer to the fifteen-day § 23:631(A)(1)(a) period for compliance.

that Progressive is entitled to an equitable good-faith defense under these specific facts.[14] Accordingly, § 23:632 does not mandate penalties under the circumstances of this case and summary judgment should be granted in favor of Progressive and against Kelly.

Kelly's argument in favor of imposing a penalty on Progressive impermissibly goes "beyond the plain wording of the statute." *Smith*, 87 So. 3d at 152. Essentially, he argues that because he demanded reimbursement from Progressive and Progressive did not pay until over ninety days later, he is entitled to the maximum penalties allowable by § 23:632. A careful examination of the interplay between the applicable statutes demonstrates why this argument fails.

Section 23:631(A) obligates the employer to pay amounts due at the time of discharge within fifteen days following discharge. This obligation to pay "actual wages due *is not dependent on the employee making a demand* for payment." *See Schuyten v. Superior Sys., Inc.*, 952 So. 2d 98, 105 (La. App. 1 Cir. 2006) (emphasis added). Only after an employer has "fail[ed] or refuse[d] to comply with" § 23:631 do penalties become available pursuant to § 23:632(A), although a demand for payment by the employee is required to trigger the penalties. *See id.* (explaining that "a demand for payment is one of the requirements for recovery of penalty wages under" § 23:632). Pursuant to this framework, a demand for payment is *necessary* to recover penalties pursuant to § 23:632(A), but it

---

[14] The Court is not persuaded by Kelly's arguments that Progressive should have done more than it did. Kelly asserts that Progressive "did not tell him that there was limited time" to submit his requests for reimbursement. R. Doc. No. 14, at 6. However, Kelly cites no authority holding that an employer must warn an employee of the possibility that failure to inform the employer of expenses the employee had incurred at the time of discharge might preclude the availability of penalties pursuant to § 23:632. Furthermore, the Court rejects, as factually unsupported, Kelly's implication that Progressive "set up procedural pitfalls seeking to avoid the penalty provided by the statute." R. Doc. No. 14, at 7. Progressive expressly told Kelly that it would submit his expenses for him if he provided an accounting. R. Doc. No. 8-6, at 2. Having failed to take advantage of that offer until months later, Kelly's complaints about lacking direct access to the reimbursement system after his discharge rings hollow.

is not sufficient; the demand must be for an amount which an employer owed but did not pay within fifteen days of discharge in violation of § 23:631. Nothing in the plain language of either statute suggests that an employee's demand made for payment of an amount that only became due *after* discharge can result in an award of penalties; that is, failure to pay upon demand is an insufficient basis for penalties without an underlying violation of § 23:631 violation.

The undisputed summary judgment record demonstrates that Kelly demanded an amount that he was owed, but not an amount that Progressive had already failed to pay in violation of § 23:631. Rather, Kelly demanded an amount that only became payable when Kelly told Progressive, in conjunction with his demand, how much he claimed in reimbursement. Although the Court certainly does not condone Progressive's delay in reimbursing Kelly for his expenses, the undisputed facts of this case fall outside the scope of the statutory framework established by the Louisiana Legislature. Likewise, although imposing penalties might be consistent with the underlying purpose of the statutes as Kelly contends,[15] it is not authorized by the plain language of the statutes.

The cases cited by plaintiff do not dictate a penalty award based on a demand for payment of amounts which could not have been paid during the fifteen-day § 23:631 window. In *Jeansonne v. Schmolke*, the employer owed the employee fixed and undisputed amounts at the time of her discharge, as well as amounts that only became due after her discharge. *See* 40 So. 3d 347, 353, 361 (La. App. 4 Cir. 2010). *Jeansonne* cannot be read as holding that penalties must be awarded based on a failure to pay amounts which only become due after the fifteen-day time for payment set forth in § 23:631(A). Likewise, in *Bannon v. Techeland Oil Corporation*, the date of demand triggered the calculation of penalties for late payment of wages which were already undisputedly fixed and

---

[15] R. Doc. No. 9-1, at 5-6.

7

owed and had not been paid within the applicable time period after discharge. *See* 17 So. 2d 921, 922 (1944). Finally, the Louisiana Supreme Court's summarization of the elements of a claim for penalties in *Becht v. Morgan Building & Spas, Inc.*, does not expand the scope of § 23:632(A) as Kelly suggests. *See* 843 So. 2d 1109, 1112-13 (La. 2003) (explaining that penalties were owed because the employer did not pay amounts due upon employee's resignation "within the fifteen day period proscribed by" § 23:631).

Plaintiff concedes that his claim for attorney's fees is contingent on his claim for penalties.[16] Accordingly, Progressive is entitled to partial summary judgment dismissing the entirety of count two of Kelly's petition.

## CONCLUSION

**IT IS ORDERED** that Progressive's motion is **GRANTED** and that Kelly's motion is **DENIED**.

**IT IS FURTHER ORDERED** that count two of Kelly's petition is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, December 24, 2015.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[16] R. Doc. No. 9-1, at 13 ("Accordingly in the event the Court agrees with Plaintiff that Progressive is liable for the penalty provided by 23:632, Progressive is also liable for attorney's fees . . . .").